## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-80142-CIV-ALTMAN/Brannon

**CLAIRE F. HOWZELL**,

      *Plaintiff*,

v.

**ANDREW M. SAUL, Commissioner**
**of Social Security Administration**,

      *Defendant*.

_____/

### ORDER

**THIS MATTER** comes before the Court on United States Magistrate Judge Dave L. Brannon's Report and Recommendation [ECF No. 18] (the "R&R"), in which he suggests that the Court grant the Plaintiff's Motion for Summary Judgment [ECF No. 10], deny the Defendant's Motion for Summary Judgment [ECF No. 13], and enter a final judgment in the Plaintiff's favor. *See* R&R at 23. In the R&R, Magistrate Judge Brannon warned the Defendant as follows: "A party shall serve and file written objections, if any, to this Report and Recommendation with U.S. District Judge Roy K. Altman within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1." *Id.* at 23. Despite this warning, the Defendant has failed to timely object to the Magistrate Judge's R&R.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

"To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). The Court has reviewed the R&R and the applicable law and can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 18] is **ACCEPTED and ADOPTED**.

2. The Plaintiff's Motion for Summary Judgment [ECF No. 10] is **GRANTED**.

3. The Defendant's Motion for Summary Judgment [ECF No. 13] is **DENIED**.

4. Pursuant to § 205(g) of the Social Security Act, this case is **REMANDED** to the Commissioner of Social Security for proceedings consistent with this Order. On remand, the Commissioner shall (1) weigh the testimony of the Plaintiff's treating physicians in accordance with the law of the Eleventh Circuit, which requires that "the testimony of a treating physician must be given substantial or considerable

weight unless good cause is shown to the contrary," *see Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (cleaned up); R&R at 6–17; and  (2) evaluate the Plaintiff's residual-functional capacity based on *the entirety* of the record evidence—including her alleged headache impairment, *see* R&R at 18–20.

5.      Pursuant to Federal Rule of Civil Procedure 58, final judgment will be entered separately.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 26th day of August 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record